IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| SONIA CRADDOCK, | ) |
| | ) Cause No. CV-11-81-BLG-RFC-CSO |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER ADOPTING FINDINGS |
| | ) AND RECOMMENDATIONS OF |
| BOB'S WELDING SHOP, and | ) U.S. MAGISTRATE JUDGE |
| | ) |
| Defendant. | ) |
| _____ | ) |

**IT IS HEREBY ORDERED** that the October 14, 2011 Order Adopting Magistrate Judge Ostby's Findings and Recommendations (*doc. 14*) is **WITHDRAWN** due to a typographical error and replaced by the following. The Clerk of Court is directed to place the prior Order (*doc. 14*) under seal.

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*doc. 4*) with respect to the prescreening of Craddock's *pro se* Complaint (*doc. 2*). Judge Ostby recommends the Complaint be dismissed for lack of subject matter jurisdiction. Since the lack of subject matter jurisdiction cannot be cured by amendment, Judge Ostby recommends Craddock be denied leave to

1

amend her complaint. Judge Ostby also concludes that even if Craddock could establish subject matter jurisdiction, her claims are effectively challenges to a decision of the Montana Supreme Court and are therefore barred by the Rooker-Feldman doctrine.

Craddock filed objections (*doc. 9*) within the 14 day period for objection to a Magistrate Judge's Findings and Recommendations, 28 U.S.C. § 636(b)(1), and also filed an Amended Complaint (*Doc. 10*). Bob's Welding Shop has also filed motions to dismiss the original (*doc. 6*) and amended (*doc. 12*) complaints.

This case must be dismissed because, as determined by Magistrate Judge Ostby, this Court lacks subject matter over Craddock's claims. First, Craddock has already litigated her claims against Bob's Welding in state court and lost. *Craddock v. Bob's Welding Shop,* 2011 MT 149N, 2011 WL 2463002 (Mont. 2009) (affirming summary judgment against Craddock on negligence, products liability, and breach of warranty for a particular purpose claims against Bob's Welding Shop). Accordingly, to the extent Craddock challenges that ruling, this Court's lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. *See doc. 5, p. 4-5.*

Second, the Montana Supreme Court has already determined that Craddock caused the fire in her home by modifying the wood stove and incorrectly installing

the pipes.  The doctrine of res judicata–or claim preclusion–prohibits lawsuits on any claims that were raised or could have been raised in a prior lawsuit.  *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002).  Claim preclusion applies when there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.  *Id.*  Claim preclusion clearly bars the instant lawsuit.

Third, even if this lawsuit was the first time Craddock sued Bob's Welding this Court would not have subject matter jurisdiction.  Craddock cannot establish diversity jurisdiction because even though there appears to be $75,000 in controversy, she and Bob's Welding are both citizens of the state of Montana.  28 U.S.C. § 1332(a)(1); *In re Digimarc Corp. Derivative Litigation,* 549 F.3d 1223, 1234 (9th Cir. 2008) (diversity jurisdiction requires that each defendant must be a citizen of a different state from each plaintiff).  Craddock cannot establish federal question jurisdiction because under no construction could her allegations state a cause of action arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1332.

Accordingly, after a de novo review of Magistrate Judge Ostby's Findings and Recommendations and Craddocks's objections thereto, this Court adopts the Findings and Recommendations in their entirety.

**IT IS FURTHER ORDERED** as follows:

(1) Craddock's motions for leave to proceed *in forma pauperis* (*docs. 1 & 8*) are **DENIED**;

(2) Craddock's Complaint (*doc. 2*) and Amended Complaint (*doc. 10*) are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction; and

(3) Defendants' motions to dismiss (*docs. 6 & 12*) are **MOOT**.

The Clerk of Court is directed to notify the parties of the entry of this Order, enter judgment in favor of Defendants and against Plaintiff, and close this case.

DATED this 14th day of October, 2011.

/s/ *Richard F. Cebull*
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE